IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Ocala Division

ANGEL BADGLEY,

    Plaintiff,

vs.

R & R PROPERTY MANAGEMENT, LLC,
a Florida Limited Liability Company,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff, ANGEL BADGLEY, sues Defendants, R & R PROPERTY MANAGEMENT, LLC, and shows:

### Introduction

1. This is an action by ANGEL BADGLEY against her former employer for unpaid overtime pursuant to the Fair Labor Standards Act. Plaintiff seeks damages and a reasonable attorney's fee.

### Jurisdiction

2. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207. The Court has jurisdiction over the claims pursuant to 29 U.S.C. § 216(b).

3. The claim arose within the Middle District of Florida, which is where venue is proper.

### Parties and General Allegations

4. Plaintiff, ANGEL BADGLEY, (hereinafter "BADGLEY") a resident of Marion County, was at all times material, employed by R & R PROPERTY

MANAGEMENT, LLC, as a property maintenance laborer, was an employee as defined by 29 U.S.C. § 203(e), and during her employment with R & R PROPERTY MANAGEMENT, LLC, was engaged in commerce or in the production of goods for commerce. To wit: BADGLEY regularly handled goods and materials that traveled in interstate commerce. Such goods and materials included: tools, lumber, plumbing fixtures, electrical fixtures, roofing materials, nails, screws, and various other building materials.

5. Defendant, R & R PROPERTY MANAGEMENT, LLC, (hereinafter, "R & R"), is a Florida Limited Liability Company doing business throughout the Middle District of Florida, and is an enterprise engaged in an industry affecting commerce, is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and it is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) which has employees subject to the provisions of the FLSA, 29 U.S.C. § 207, who work on the properties owned by R & R.

6. R & R controlled the terms and conditions of BADGLEY's employment by setting her work schedule and determining her pay rate and job duties. Thus R & R was BADGLEY's employer, regardless of the fact that R & R labeled BADGLEY an independent contractor.

### Count I – Violation of FLSA by Defendant R & R – Overtime

7. Plaintiff, ANGEL BADGLEY, realleges, as if fully set forth in Count I, the allegations of Paragraphs 1 through 6 above.

8. Since approximately April 2018 and up to and including October 2020, Defendant R & R has willfully violated the provisions of §7 of the Act [29 U.S.C. §207] by employing employees engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed.

9. BADGLEY, during her employment, worked in excess of 40 hours a week many weeks of her employment, and was not compensated for the work in excess of 40 hours at a rate not less than one and one-half times the regular rate at which she was employed. To wit: R & R has a policy of paying only straight time for all hours worked, even those hours in excess of 40 per work week.

10. The failure to pay overtime compensation to BADGLEY is unlawful in that she was not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a), in that she neither was a bona fide executive, administrative or professional employee.

11. R & R's actions were willful and purposeful as it was well aware of the Fair Labor Standards Act and BADGLEY's status as non-exempt, but chose not to pay her in accordance with the Act.

12. BADGLEY is entitled pursuant to 29 U.S.C. § 216(b), to recover from R & R:

    a. All unpaid overtime that is due;

    b. As liquidated damages, an amount equal to the unpaid overtime owed;

    c. The costs of this action, and;

    d. A reasonable attorney's fee.

WHEREFORE, Plaintiff, ANGEL BADGLEY, prays that this court will grant judgment against defendant R & R:

    a. awarding BADGLEY payment of overtime compensation found by the court to be due to her under the Act, including pre-judgment interest;

    b. awarding BADGLEY an additional equal amount as liquidated damages;

    c. awarding BADGLEY her costs, including a reasonable attorney's fee; and

    d. granting such other and further relief as is just.

### Jury Demand

Plaintiff demands trial by jury on all issues so triable.

Dated: January 15, 2021
Plantation, Florida

        Respectfully submitted,

        */s/ Robert S. Norell*
        Robert S. Norell, Esq. (Fla. Bar No. 996777)
        E-Mail: rob@floridawagelaw.com
        **ROBERT S. NORELL, P.A.**
        300 NW 70th Avenue
        Suite 305
        Plantation, Florida 33317
        Telephone: (954) 617-6017
        Facsimile: (954) 617-6018
        *Counsel for Plaintiff ANGEL BADGLEY*